David M. Goodrich, State Bar No. 208675
dgoodrich@go2.law
**GOLDEN GOODRICH LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Telephone    714-966-1000
Facsimile    714-966-1002

Counsel for Chapter 7 Trustee
Richard A. Marshack

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>DGWB, INC.,<br><br>      Debtor. | Case No. 8:21-bk-11703-TA<br><br>Chapter 7<br><br>Adv. No. _____ |
| RICHARD A. MARSHACK, solely in his capacity as the chapter 7 trustee of the bankruptcy estate of DGWB, Inc.,<br><br>      Plaintiff,<br> v.<br><br>AMERICAN EXPRESS NATIONAL BANK, a Utah corporation,<br><br>      Defendant. | **COMPLAINT:**<br><br>1) **TO AVOID AND RECOVER INTENTIONALLY FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 544(b), 548(a)(1)(A) AND 550, AND CAL. CIV. CODE §§ 3439.04(a)(1) AND 3439.07;**<br>2) **TO AVOID AND RECOVER CONSTRUCTIVELY FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 544, 548(a)(1)(B) AND 550, AND CAL. CIV. CODE §§ 3439.04(a)(2), 3439.05(a) AND 3439.07; AND**<br>3) **TO PRESERVE THE TRANSFERS PURSUANT TO 11 U.S.C. § 551**<br><br>Status Conference:<br>Date: [TO BE SET]<br>Time: [TO BE SET]<br>Place: Courtroom 5B<br>    411 West Fourth Street<br>    Santa Ana, CA 92701 |

1369114.1    COMPLAINT

**TO DEFENDANT AMERICAN EXPRESS NATIONAL BANK AND ITS COUNSEL, IF ANY:**

Plaintiff Richard A. Marshack, the chapter 7 trustee of the bankruptcy estate of DGWB, Inc. ("Trustee" or "Plaintiff"), hereby files this *Complaint: (1) to Avoid and Recover Intentionally Fraudulent Transfers Pursuant to 11 U.S.C. §§ 544(b), 548(a)(1)(A) and 550, and Cal. Civ. Code §§ 3439.04(a)(1) and 3439.07; (2) to Avoid and Recover Constructively Fraudulent Transfers Pursuant to 11 U.S.C. §§ 544(b), 548(a)(1)(B) and 550, and Cal. Civ. Code §§ 3439.04(a)(2), 3439.05(a) and 3439.07; and (3) to Preserve the Transfers Pursuant to 11 U.S.C. § 551* ("Complaint") against American Express National Bank ("Defendant") and alleges that:

## REQUIRED PLEADING DISCLOSURE

1. In accordance with the requirements of Local Bankruptcy Rule 7008-1, Plaintiff hereby alleges that the claims for relief set forth in the Complaint constitute a core proceeding under 28 U.S.C. § 157(b), in that the claims for relief relate directly to (1) property transferred by DGWB, Inc. ("Debtor"), and/or (2) claims of the Debtor against Defendant. Regardless of whether the claims for relief are core or non-core, Plaintiff hereby consents to the entry of final orders and judgment by the Bankruptcy Court, except as may be precluded by applicable law. Defendant is hereby notified that Fed. R. Bankr. P. 7008 requires Defendant to plead whether consent is given to the entry of final orders and judgment by the Court.

## STATEMENT OF JURISDICTION AND PROCEEDINGS

2. The Bankruptcy Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a), 11 U.S.C. §§ 105, 544(b) 548, 550, and 551, and General Order No. 13-05 of the District Court for the Central District of California, because this is a core proceeding under 28 U.S.C. §§ 157(b)(1) & (b)(2)(A), (H), and (O).

3. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1409(a), in that this is a proceeding arising in and/or related to the bankruptcy estate of the Debtor currently pending in the Santa Ana Division of the United States Bankruptcy Court for the

Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

Central District of California ("Bankruptcy Court"), the Honorable Theodor C. Albert presiding. Pursuant to 28 U.S.C. § 1391(b)(2), venue is appropriate in the Central District of California as the acts and conduct complained of herein took place within this district. Accordingly, this Court has personal jurisdiction over Defendant.

4. On July 8, 2021 ("Petition Date"), Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code commencing case no. 8:21-bk-11703-TA[1] ("Bankruptcy Case").

5. On the same day, Richard A. Marshack was appointed chapter 7 trustee of the Estate.

## STATEMENT OF STANDING

6. Plaintiff has standing to bring this action pursuant to 11 U.S.C. §§ 323, 544(b), 548, 550, and 551.

## PARTIES TO THE ACTION

7. Plaintiff is the chapter 7 trustee and brings this action for the benefit of Debtor's estate and Debtor's creditors. This action is brought by Plaintiff in his representative capacity only. To the extent Plaintiff asserts claims under 11 U.S.C. § 544(b), Plaintiff is informed and believes and based thereon alleges that there exists in the Bankruptcy Case one or more creditors holding unsecured claims allowable under 11 U.S.C. § 502, or that are not allowable only under 11 U.S.C. § 502(e), who could have avoided the respective transfers or obligations under California or other applicable law before the Petition Date.

8. Plaintiff is informed and believes and based thereon alleges that Defendant is an American multi-national financial services corporation authorized to do business in California with its principal place of business in Salt Lake City, Utah.

---

[1] The Bankruptcy Case was originally assigned to the Honorable Mark S. Wallace.

Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

## **GENERAL ALLEGATIONS**

9. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 8 as though fully set forth herein.

10. Plaintiff is informed and believes and based thereon alleges that at all relevant times, Defendant was a corporation for whose benefit the recoverable transfers alleged in this Complaint were made, or an immediate or mediate transferee of the Transfers.

11. Plaintiff is informed and believes and based thereon alleges that one or more individuals affiliated with the Debtor entered into a credit agreement or credit agreements with the Defendant.

12. Plaintiff is informed and believes and based thereon alleges that the Debtor is not, and never was, a party to the credit agreement with the Defendant.

13. Plaintiff is informed and believes and based thereon alleges that Defendant never extended credit to the Debtor.

14. Plaintiff is informed and believes and based thereon alleges that the Debtor did not owe the Defendant any money during the four-year period preceding the Petition Date.

15. Plaintiff is informed and believes and based thereon alleges that during the four-year period preceding the Petition Date, Debtor made transfers ("Transfers") to or for the benefit of Defendant in the amount of $1,055,358.90.

16. Plaintiff is informed and believes and based thereon alleges that the Debtor was an advertising agency, and that its business consisted, in large part of entering into contracts with its customers to purchase advertising for the customer's goods and services with various media sources, as well as providing related services to the Debtor's customers. The Plaintiff is further informed and believes that the Debtor's customers would provide funds to the Debtor to not only pay the Debtor's fees for the services it provided, but also to permit the Debtor to directly pay to media sources the costs of the Debtor's customers' advertisements.

17. Plaintiff is informed and believes and based thereon alleges that by early 2019, a significant number of lawsuits began to be filed against the Debtor seeking damages for, among other things, breaches of contracts. The Debtor's Statement of Financial Affairs lists nine such actions pending against it as of the Petition Date. The Plaintiff is informed that at least in some cases, instead of using the substantial amount of funds it received from its customers for the purpose of purchasing advertising for the customers' goods and services with third-party media sources, the Debtor and its principals commingled customer funds with the Debtor's own funds and used such customers funds to pay the Debtor's own obligations and to make large payments to, or for the benefit of, the Debtor's insiders or entities affiliated with the Debtor or its insiders.

18. Plaintiff is informed and believes that the Debtor was insolvent when the Transfers were made and/or rendered insolvent as a result of the Transfers.

## FIRST CAUSE OF ACTION

**(To Avoid and Recover Intentionally Fraudulent Transfers Pursuant to 11 U.S.C. §§ 544(b), 548(a)(1)(A) and 550, and Cal. Civ. Code §§ 3439.04(a)(1) and 3439.07)**

19. Plaintiff realleges and incorporates each and every allegation contained in paragraphs 1 through 18 as though fully set forth herein.

20. Plaintiff is informed and believes and based thereon alleges that the Transfers were made during the four-year period immediately preceding the Petition Date.

21. Plaintiff brings this claim under 11 U.S.C. § 544(b) to avoid the Transfers on behalf of Debtor's estate and the Debtor's creditors.

22. Plaintiff is informed and believes and based thereon alleges that unsecured creditors of Debtor existed at the time of the Transfers and that Debtor's obligations to those unsecured creditors remained unpaid as of the Petition Date.

23. Plaintiff is informed and believes and based thereon alleges that the Transfers were made with the actual intent to hinder, delay or defraud individuals and/or entities to which Debtor was or became indebted, on or after the date the Transfers were made.

24. Plaintiff is informed and believes and based thereon alleges that Debtor made the Transfers to or for the benefit of Defendant.

25. Plaintiff is informed and believes and based thereon alleges that the Defendant did not take the Transfers in good faith and/or did not give Debtor reasonably equivalent value in exchange for the Transfers.

26. By reason of the foregoing, the Transfers are avoidable, Plaintiff is entitled to judgment avoiding the Transfers pursuant to 11 U.S.C. §§ 544(b) and 548(a)(1)(A), and California Civil Code § 3439.04(a)(1), and Plaintiff is entitled to recover the Transfers or the value of the Transfers for the benefit of Debtor's estate and the Debtor's creditors pursuant to 11 U.S.C. § 550 and California Civil Code § 3439.07.

## SECOND CAUSE OF ACTION

**(To Avoid and Recover Constructively Fraudulent Transfers Pursuant to 11 U.S.C. §§ 544, 548(a)(1)(B) and 550, and Cal. Civ. Code §§ 3430.04(a)(2), 3439.05(a), and 3439.07)**

27. Plaintiff realleges and incorporates each and every allegation contained in paragraphs 1 through 26 as though fully set forth herein.

28. Plaintiff is informed and believes and based thereon alleges that the Transfers were made during the four-year period immediately preceding the Petition Date.

29. Plaintiff brings this claim under 11 U.S.C. § 544(b) to avoid the Transfers on behalf of Debtor's estate and the Debtor's creditors.

30. Plaintiff is informed and believes and based thereon alleges that unsecured creditors of Debtor existed at the time of the Transfers and that Debtor's obligations to those unsecured creditors remained unpaid as of the Petition Date.

31. Plaintiff is informed and believes and based thereon alleges that Debtor received less than reasonably equivalent value in exchange for the Transfers.

32. Plaintiff is informed and believes and based thereon alleges that Debtor was insolvent at the time of the Transfers and/or was rendered insolvent by virtue of the Transfers.

33.  Plaintiff is informed and believes and based thereon alleges that at the time of the Transfers, Debtor was engaged or was about to engage in a business or a transaction for which Debtor's remaining assets were unreasonably small in relation to the business or transaction.

34.  Plaintiff is informed and believes and based thereon alleges that at the time of the Transfers, Debtor intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

35.  Plaintiff is informed and believes and based thereon alleges that the Transfers were made to or for the benefit of Defendant.

36.  By reason of the foregoing, the Transfers are avoidable, Plaintiff is entitled to judgment avoiding the Transfers pursuant to 11 U.S.C. §§ 544(b) and 548(a)(1)(B), and California Civil Code §§ 3439.04(a)(2) and 3439.05(a), and Plaintiff is entitled to recover the Transfers or the value of the Transfers for the benefit of Debtor's estate and the Debtor's creditors pursuant to 11 U.S.C. § 550 and California Civil Code § 3439.07.

### THIRD CAUSE OF ACTION

### (To Preserve Transfers Pursuant to 11 U.S.C. § 551)

37.  Plaintiff realleges and incorporates each and every allegation contained in paragraphs 1 through 36 as though fully set forth herein.

38.  Pursuant to 11 U.S.C. §§ 544(b), 548 and 550, and California Civil Code §§ 3439.04(a)(1) & (a)(2), 3439.05(a) and 3439.07, the Transfers are avoidable and recoverable.

39.  Pursuant to 11 U.S.C. § 551, if the Transfers are avoided, the Transfers are preserved for the benefit of Debtor's estate and the Debtor's creditors.

40.  By reason of the foregoing, Plaintiff is entitled to judgment preserving the avoided Transfers for the benefit of Debtor's estate and the Debtor's creditors.

**WHEREFORE**, Plaintiff prays that this Court enter a judgment against the Defendant as follows:

### On the First Claim for Relief

1. Avoiding and recovering the Transfers pursuant to 11 U.S.C. §§ 544(b), 548(a)(1)(A) and 550, and Cal. Civ. Code §§ 3439.04(a)(1) and 3439.07, or any other applicable statutes;

2. Declaring the Transfers to be annulled and rendered void as intentionally fraudulent transfers, and for recovery of the Transfers, or the value thereof, for the benefit of Debtor's estate and the Debtor's creditors.

### On the Second Claim for Relief

3. Avoiding and recovering the Transfers pursuant to 11 U.S.C. §§ 544(b), 548(a)(1)(B) and 550, and Cal. Civ. Code §§ 3439.04(a)(2), 3439.05(a) and 3439.07, or any other applicable statutes;

4. Declaring the Transfers to be annulled and rendered void as constructively fraudulent transfers, and for recovery of the Transfers, or the value thereof, for the benefit of Debtor's estate and the Debtor's creditors.

### On the Third Claim for Relief

5. Preserving the Transfers for the benefit of Debtor's estate and the Debtor's creditors pursuant to 11 U.S.C. § 551;

### On All Claims for Relief

6. For pre-judgment and post-judgment interest at the maximum legal rate;

7. For Plaintiff's attorneys' fees and costs; and

8. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: July 7, 2023        GOLDEN GOODRICH LLP

By: /s/ David M. Goodrich
DAVID M. GOODRICH
Attorneys for Chapter 7 Trustee
Richard A. Marshack

B1040 (FORM 1040) (12/15)

| **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER** (Court Use Only) |
|---|---|
| **PLAINTIFFS** Richard A. Marshack, solely in his capacity as the chapter 7 trustee of the bankruptcy estate of DGWB, Inc. | **DEFENDANTS** American Express National Bank, a Utah corporation |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) Golden Goodrich LLP 650 Town Center Drive, Suite 600 Costa Mesa, CA 92626 Phone: 714-966-1000 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only) □ Debtor  □ U.S. Trustee/Bankruptcy Admin  □ Creditor  □ Other  x Trustee | **PARTY** (Check One Box Only) □ Debtor  □ U.S. Trustee/Bankruptcy Admin  x Creditor  □ Other  □ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
(1) To Avoid and Recover Intentionally Fraudulent Transfers Pursuant to 11 U.S.C. §§544(b), 548(a)(1)(A) and 550, and Cal. Civ. Code §§3439.04 (a)(1) and 3439.07; (2) To Avoid and Recover Constructively Fraudulent Transfers Pursuant to 11 U.S.C. §§544, 548(a)(1)(B) and 550, and Cal. Civ. Code §§3439.04(a)(2), 3439.05(a) and 3439.07; and (3) To Preserve the Transfers Pursuant to 11 U.S.C. §551

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
[1] 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $ 1,055,358.90 |
| Other Relief Sought | |

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>DGWB, INC. | BANKRUPTCY CASE NO.<br>8:21-bk-11703-TA | | |
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL DISTRICT OF CALIFORNIA | DIVISION OFFICE<br>SANTA ANA DIVISION | NAME OF JUDGE<br>THEODOR C. ALBERT | |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ David M. Goodrich | | | |
| DATE<br><br>07/07/23 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>David M. Goodrich | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.